GUADALUPE McCORMICK ANAYA ET AL., Plaintiffs and Appellants, *v.* MARÍA McCORMICK WIDOW OF SERRANO ET AL., Defendants and Appellees.

No. 7044. Decided April 8, 1938.

(see 52 P.R.R. 669)

*Luis Muñoz Morales* and *Gustavo Cruzado Silva* for appellants. *C. H. Juliá* and *H. Torres Solá* for appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellants, in a motion for rehearing, submit: That both this court and the district court have wandered from the main question into a series of arguments and considerations foreign thereto; that being the forced heirs of the testator and having been omitted from the will, the institution of other persons was a nullity, but this court has affirmed the decision of the district court holding that when the pretermitted heirs and the instituted heirs or the executors have entered into a compromise concerning the amount of the inheritance, the institution of heirs cannot be annulled; that as the result, a perfectly valid compromise, concerning a greater or less amount of money or property which constitutes the estate, implies a compromise of plaintiffs' status as

forced heirs; that the principal action was for the annulment of the institution of heirs, not for a recovery nor for a liquidation of the inheritance; that by the decision of this court as well as by the decision of the district court, the alleged compromise, concerning the estate and the amount of money involved, included the renouncement and extinction of plaintiffs' status as heirs; that the judgment of the district court leaves confronting each other two incompatible groups of heirs; that the compromise agreement might be interposed when plaintiffs demand a liquidation and delivery of the estate and then the question would arise as to whether or not the road to such relief has been closed; that the compromise agreement cannot be interposed as a defense to the present action for annulment of the institution of heirs without prejudice to the rights of defendants under that agreement.

At the threshold of the trial, plaintiffs read a motion to strike a part or parts of an amended answer. The court took the matter under advisement. The motion is not before us.

The district judge, in his statement of the case and opinion, said that plaintiffs had challenged the defense of estoppel on the ground that it was premature—inasmuch as plaintiffs had brought their action to establish the nullity of the will and, although they had asked for a judgment to the effect that they were entitled to the whole of the inheritance and that it should be placed at their disposal, this did not imply an action for a liquidation or delivery of property. In disposing of this contention the district judge said:

"(a) In opposition to this argument of plaintiffs, we shall say that if they have no interest in the estate of Harry A. McCormick, due to the compromise agreement already referred to, we do not see what interest they can have, and what personality they may have, to establish an action to attack a will from which they could not obtain any benefit. They would be in the same position to attack the will as any person not related to the testator.

"(b) The best answer which can be formulated to this argument is to remind the plaintiffs of the pronouncement which is sought

under letter 'D' of the prayer of the complaint in this case. Par-agraph 'D.' of the prayer of the complaint reads as follows:

" 'To order the defendants to release and leave at the disposal of the plaintiffs the real property and rights described in this complaint, and all the other property and securities of any kind which may make up the estate of the deceased.''

" 'If the court sustains the complaint, and hence, renders the pronouncement sought under letter 'D' of the prayer, at what time could the defendants raise the defense which they now set up, after a final judgment has been rendered ordering the defendants to deliver to the plaintiffs all the property of the estate?''

As a first cause of action plaintiffs alleged in substance: That the will contained certain legacies and certain clauses concerning the institution of heirs; that the testator made no mention of plaintiffs; that plaintiffs had been declared the acknowledged natural children of the testator with the right to bear his name and to receive their inheritance; that plaintiffs, as acknowledged natural children, were the testator's forced heirs; that plaintiffs, having been pretermitted, the will was a nullity; that none of the designated heirs was a forced heir; that the property described in the complaint constituted the inheritance.

As a second cause of action, plaintiffs further alleged: that Harry McCormick at the time of his death was married; that there was no issue of this marriage; that Harry McCormick left no ascendants nor descendants other than plaintiffs; that upon a determination of the nullity of the will, the estate would pass by intestate succession and plaintiffs were the only descendants and intestate forced heirs.

The prayer was for a judgment containing the following pronouncements:

"(a) That as a consequence of the preterition of the plaintiffs, the institution of heirs contained in the open will executed by the testator, Harry A. McCormick and Hartman, on April 12th, 1927, before the notary, Juan Valldejuli, in favor of the voluntary heirs, defendants herein, is void; provided, nevertheless, that the legacies established in said will remain effective, in so far as they are not inofficious.

"(b) That as a consequence thereof the deceased, **Harry A. Mc-Cormick**, died intestate, and his estate should be adjudicated in accordance with the rules of legitimate succession, with the exception of the legacies in so far as they are not inofficious.

"(c) That the plaintiffs Guadalupe, Sabina and Francisco McCormick Anaya, are the only universal intestate heirs as to the totality of the property of the estate of their deceased natural father, Harry A. McCormick and Hartman, with the exception of the portion corresponding in usufruct to the widowed spouse and of the legacies established in the will, in so far as they are not inofficious.

"(d) To order the defendants to release and leave at the disposal of plaintiffs the real property and rights described in this complaint and all the other property and securities of any kind making up the estate of the deceased.

"(e) To condemn the defendants to the payment of costs, expenses and attorney's fees incurred in this suit."

The main object of the complaint was to establish a title in plaintiffs to the property which otherwise would pass under the will to the testamentary heirs. Plaintiffs apparently relied on the nullity of the will as a means to this end. The original brief for appellants taken as a whole does not militate against this view but rather tends to strengthen it. Aside from the conflicting claims to the property described in the inventory set forth as a part of the first cause of action, neither the complaint nor the original brief for appellants discloses any pecuniary interest in the question of the civil status of plaintiffs as forced heirs.

In an additional brief submitted in support of the motion for rehearing, appellants do ask who would represent their deceased father in the event of litigation involving his rights or obligations. The possibility of such litigation does not appear to have been urged upon the attention of the district judge, and neither the facts as set forth in the complaint nor the question as raised by plaintiffs in their motion to strike certain parts of the answer required the district judge to speculate concerning the possibility of such litigation.

It was not the purpose of this court in its previous opinion, however, to question the right of plaintiffs to represent

their deceased father in any and all matters not involved in the agreement of compromise and settlement. In the *Santiago* case this court recognized the possibility of difficulties involved in differentiating between the civil status of an acknowledged natural child and "the economic consequences or pecuniary interest arising or originating from the civil status claimed, such, for example, as the rights which a natural child whose action is pending before the court may have in the estate of his father." No attempt was made in the *Santiago* case nor in our previous opinion in this case to dispose of these difficulties. The questions involved may be more intelligently considered and discussed as they arise in each particular case.

Admit that the attempted designation of heirs was—or but for the agreement of compromise and settlement would have been—an absolute nullity. The forced heirs, by entering into the agreement of compromise and settlement with the designated heirs, succeeded in doing—as far as the economic consequences of their civil status were concerned— what the testator had failed to accomplish. For present purposes it may be conceded that, if plaintiffs had made it clear to the district judge that they desired only to establish their right to represent their deceased father in matters not connected with the economic consequences of their status as forced heirs, they would have been entitled to a judgment to that effect. Perhaps—paradoxical as it may seem—they might have obtained a specific declaration to the effect that the institution of heirs was—save only as to the property rights of defendants under the compromise agreement—an absolute nullity. No such judgment was requested in the district court and no request was made in this court for a modification of the judgment rendered by the district court. In view of this fact and of the fact that the mandate of this court, at the expiration of the usual period of ten days after judgment, was transmitted to the district court before

the filing of the motion for a rehearing, we shall not pursue our inquiry into this aspect of the case.

The motion for rehearing must be denied.